**Supreme Court**
No. 2025-286-M.P.

In the Matter of Paul B. McCarthy. :

**O R D E R**

This attorney disciplinary matter came before the Court pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On May 14, 2026, the Disciplinary Board of the Supreme Court (the Board) forwarded its decision that the respondent, Paul B. McCarthy, had violated the Supreme Court Rules of Professional Conduct and recommending that we suspend the respondent's license to practice law until such time as he makes full restitution in the amount of $2,034.00 to his client. Rule 6(d) provides:

> "If the Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order. Proceedings, if any, before this Court shall be conducted by [Disciplinary] Counsel."

We directed respondent to appear before the Court at our conference on June 18, 2026, to show cause, if any, why we should not accept the recommendation of the Board. The respondent appeared before the Court without counsel and accepted full responsibility for his actions. Having heard the representations of respondent

- 1 -

and this Court's Disciplinary Counsel, we concur with the Board's decision that respondent violated the Rules of Professional Conduct and should be suspended until such time as he makes full restitution to his client in the amount of $2,034.00.

The respondent is subject to the Rules of Professional Conduct as adopted and promulgated as Article V of the Rhode Island Supreme Court Rules. In June 2020, respondent was retained by his client, Ms. Maureen G. Roy, to administer the probate estate of her late brother, Gary L. Ketchen, who died intestate on February 9, 2020. Ms. Roy tendered to respondent an advanced retainer check for his services and probate costs which totaled two thousand five hundred thirty-four dollars and 00/100 cents ($2,534.00) which was promptly cashed by respondent on or about June 11, 2020. Sometime in October 2020, respondent filed a Petition for Administration of the Estate of Gary L. Ketchen (hereinafter, the Estate) with the Westerly Probate Court in the State of Rhode Island. The respondent filed an affidavit concerning his efforts to locate the heirs of the Estate, which was rejected by the Westerly Probate Court. The respondent also sent notice of the commencement of the Estate to the Rhode Island Executive Office of Health and Human Services (EOHHS). The respondent ceased providing any further legal action to settle the administration of the Estate. The Estate languished for over three (3) years until Ms. Roy was forced to retain successor counsel. The respondent admitted that due to personal issues including the COVID-19 pandemic, he did not move forward with the probate matter

within a reasonable amount of time. The respondent offered to fully reimburse Ms. Roy $2,534.00. The respondent has expressed remorse for his actions and accepted full responsibility, including partially reimbursing Ms. Roy $500.00 to date.

Based upon the foregoing, the Board found that respondent violated Rules 1.3 ("Diligence"), 1.4 ("Communication") and 1.15 ("Safekeeping Property") of the Rules of Professional Conduct. Rule 1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client."

Rule 1.4 provides:

"(a) A lawyer shall:

"(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

"(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

"(3) keep the client reasonably informed about the status of the matter;

"(4) promptly comply with reasonable requests for information; and

"(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

"(c) When a lawyer has not regularly represented a client and has reason to believe that the client does not fully understand the nature of the attorney-client relationship and the expectations and obligations arising out of that relationship, the lawyer shall take reasonable steps to inform the client of the nature of the attorney-client relationship before the representation is undertaken. Such disclosure should include what the lawyer expects of the client and what the client can expect from the lawyer. A lawyer may make such disclosure by providing the client with a copy of the statement of client's rights and responsibilities contained in Appendix 2 to these rules, or in any other manner sufficient to provide the client with a clear understanding of what services will be rendered by the lawyer and what the client's responsibilities are in order that the services can be performed effectively."

Rule 1.15 states, in pertinent part:

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of seven years after termination of the representation.

"(b) A lawyer may deposit the lawyer's own funds in a client trust account for the sole purpose of paying bank service charges on that account, but only in an amount necessary for that purpose.

"(c) A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred."

"In fashioning an appropriate sanction, the Board and this Court are cognizant that the purposes of professional discipline are to protect the public and to maintain the integrity of the profession * * * and not to punish the attorney * * *." *In re Glucksman*, 333 A.3d 504, 507 (R.I. 2025) (mem.); *In re Scott*, 694 A.2d 732, 736 (R.I. 1997). "Mitigating and aggravating factors must be weighed to determine the proper level of discipline that should be imposed." *In re Glucksman*, 333 A.3d at 507. Here, respondent was remorseful both at the hearing on this matter and before this Court in conference. The respondent, however, does have a disciplinary history, previously receiving a two-month suspension for, *inter alia*, travelling out of state to New Jersey where he knew that he was not authorized to act as a notary public and he was not admitted to practice law and then directed a third party to falsely sign another person's name to a mortgage document during a real estate closing, and then falsely attested to that signature. *In the Matter of McCarthy*, 973 A.2d 617, 617 (R.I. 2009).

The Court accepts the Board's findings of fact and conclusions of law and adopts its decision. The respondent's license to practice law is hereby suspended until such time as he furnishes proof to Disciplinary Counsel that he has made full restitution to Ms. Roy in the amount of $2,034.00. Once the respondent has made full restitution to Ms. Roy, he may apply for reinstatement pursuant to Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure.

Entered as an Order of this Court this *24ʰ* day of *June 2026*.


By Order,


/s/ *Meredith A. Benoit*
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Paul B. McCarthy. | |
| **Case Number** | No. 2025-286-M.P. | |
| **Date Order Filed** | June 24, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kimberly Brissette Brown, Esq.<br>Maria R. Lenz, Esq.<br>Office of Disciplinary Counsel | |
| | For Respondent:<br><br>Paul B. McCarthy, *pro se* | |